[No. 21333.    Department One.    October 19, 1928.]

THE STATE OF WASHINGTON, *Respondent,* v. SAMUEL
BARBOUR, *Appellant.*[1]

*W. H. Abel* and *A. M. Abel,* for appellant.
*Austin M. Wade,* for respondent.

MITCHELL, J.—Samuel Barbour, Donald Barbour,
William H. Blackwell, William Battles and A. J. Jones
were charged jointly with the crime of murder for
the killing of one Erick Erickson on December 4,
1927, in Aberdeen.   The Barbours are white men; the
other three are colored men.   Blackwell was dismissed
out of the case before trial, on the motion of the
state.   Upon a joint trial of the others, Samuel Bar-
bour and A. J. Jones were convicted of manslaughter.
Samuel Barbour has appealed.

The first assignment of error is that the evidence
was insufficient to justify the verdict.   While in many
respects there was a conflict in the testimony, there
was substantial proof to show about as follows: The

[1]Reported in 271 Pac. 64.

three colored men completed an engagement as musicians at the Mandarin Cafe in Aberdeen about 12:30 A. M., December 4, 1927. About that hour they agreed with the Barbour boys that all five of them would have a "party," spoken of by some as a "farewell party." They remained for awhile at the cafe drinking intoxicating liquor. From there they went to another place where they drank intoxicating liquors. From there they went to a place in what is spoken of as the "restricted district." About three or half past three o'clock in the morning, they left the last named place and shortly met Erick Erickson and William Peterson on a sidewalk, whereupon all seven of them engaged in a fight that resulted in the outright killing of Erick Erickson.

The decedent and Peterson had been drinking intoxicating liquors during the night, at other places. The parties on each side of the combat were strangers to the other side. The appellant claimed and testified that he took no part in the fight; that he never struck a blow or encouraged anyone else to, and that he tried to stop the fight.

There was ample evidence, however, that as the five came out of the house last referred to, the appellant and Battles were in front. The appellant and Battles so testified. Blackwell and Donald Barbour were ten or fifteen feet behind, and Jones at first still further behind. Blackwell was of the opinion, so he testified, that both of the Barbours were in front, and that before he noticed the approach of Erickson and Peterson on the sidewalk, "one of the Barbour boys hollered back, 'Let's crush them.' I don't know which one of the Barbour boys it was;" that then "they started fighting, just a big gang of them;" "they were all fighting in a bunch;" that he got Jones up to stop the fight; "I guess he started to fight too." "Q. And

then they were all fighting? Ans. Yes, sir." On cross-examination he testified: "Q. And you swear he (Samuel Barbour) was fighting? Ans. Yes, sir."

It appears that the appellant and his companions did not know for a little while that Erickson had been killed, and in the meantime all five of them went into a house nearby and to the inmates gave an account of the fight. One of the inmates of the house testified that the appellant said: "We had a fight down the street just now;" and she further testified that appellant's face on one side was marked and bruised. Donald Barbour, while testifying, was asked whether he made any remark at the start of the fight such as "Let's crush them," and he answered that he did not. The appellant testified at the trial, but he was not asked, nor did he testify, as to whether he made any such remark.

The evidence was entirely sufficient, in our opinion, to show concert of aggressive action on the part of appellant and his companions, and to justify the verdict against the appellant. Nor was it a case of circumstantial evidence, suggested by appellant in one of his assignments of error. He was personally present and actively engaged in the affray. The evidence was direct, not circumstantial.

In instructing the jury as to the effect to be given to the testimony of any witness that they believed "has sworn falsely, etc.," reversible error is claimed for omitting the word "wilfully" or "knowingly." The point was decided against such contention in *State v. Kyle,* 14 Wash. 550, 45 Pac. 147; and while there are decisions to the contrary in some other jurisdictions, we are not disposed to depart from that holding. We find no error in any of the instructions given. Those not given as requested were, in our opinion, sufficiently covered in substance by others

given in the court's own language. The case was correctly presented to the jury, and the evidence being conflicting, the court is foreclosed by the verdict of the jury.

Affirmed.

FULLERTON, C. J., TOLMAN, HOLCOMB, and BEALS, JJ., concur.